### THE GWYNEDD.

(District Court, E. D. Pennsylvania. February 1, 1915.)

No. 56.

ADMIRALTY ⊚⟶28—GROUNDS OF PROCEEDING IN REM—NEGLIGENCE OF OWNER OF TUG.

     A suit in rem cannot be maintained against a tug for injury to a deck hand on a barge while in tow of the tug, through the alleged negligence of the owner of the tug, who was also owner of a pier at which they were making a landing, in allowing the pier to become out of repair.

     [Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 278–288; Dec. Dig. ⊚⟶28.]

In Admiralty. Suit by Joseph Sessich against the tugboat Gwynedd. On exception to libel. Sustained.

Willard M. Harris, of Philadelphia, Pa., for libelant.

Wm. Clarke Mason, of Philadelphia, Pa., for respondent.

DICKINSON, District Judge. The exception to this libel is based upon the principle of law disclosed by the following statement of facts:

The third or charging paragraph of the libel sets forth a charge of negligence upon the part of the respondent, through which negligence personal injuries were sustained by the libelant. The libelant was a deck hand on a scow which was in tow of the tugboat. The scow was to be brought to a pier. The libelant stood at the forward cleat on the starboard side. When the scow reached the pier, another deck hand jumped ashore with the eye of a mooring line, which he intended to place around a cleat on the pier, and notified the master of the tug that the line was fast. It turned out that the cleat to which the deck hand expected to make fast the line had been torn out of place, or so broken as to be useless. Because of this he was unable to make the line fast as he expected, and he went to the river end of the pier looking for a mooring post. The tug was then under way, and this obliged the libelant to haul the slack of the line to the next cleat on the scow. The night was cold, the line coated with ice, and so heavy as to be handled with difficulty. The deck hand on the wharf made fast his end of the line, and libelant attempted to make fast his end at the cleat. He had made one turn on the cleat, but the strain on the line was such as that the line would not hold, and in attempting to make another turn his finger was caught between the line and the cleat. The proximate cause of the injury is alleged to be the neglect of the Reading Railway Company, the owner of the pier, to replace the broken cleat, or provide suitable means for fastening the float.

The exception is based upon the proposition that the libel is in rem against the vessel, and the negligence charged is that of the owner of the pier. It is true that the owner of the pier happens to be also the owner and manager of the tug. The point made, however, is that this mere coincidence of ownership no more makes the tug liable for the negligence of the owner of the pier than if they had been different persons. The libelant does not controvert the soundness of the above principle; but lays alongside of it the other principle, for which the case of The Osceola, 189 U. S. 175, 23 Sup. Ct. 483, 47 L. Ed. 760, is cited as authority, that the vessel, as well as her owners, is liable for the maintenance and cure and the wages to which a seaman who falls sick or is wounded in the service of the ship is entitled. It will be noted that the case is not authority for the proposition that the liability of the ship extends beyond the continuance of the voyage. Did the libel in this case set forth as a cause of action that the libelant had been injured in the service of the ship and lay as his damages the expense of his maintenance and cure and his wages during the time for which he was entitled to receive wages, a libel under the authority of this case could doubtless be maintained. This libel, however, cannot be said to set forth any such cause of action nor to lay any such damages. The cause of action is generally speaking negligence, and the particular negligence alleged is that of the owner of the pier. The only connection of either the vessel or the owner with the proximate cause as alleged of the libelant's injury is that he was injured while on the vessel and that the vessel and pier happened to have the same owner.

We do not see that the libel sets forth any cause of action, and the exception filed to it is sustained.

The libel is therefore dismissed.